FILED
November 9, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

NO. 03-15-00549-CR

IN THE COURT OF APPEALS
FOR THE
THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN, TEXAS

---

RONNY GENE SMITH (PRO SE)

Appellant

V.

THE STATE OF TEXAS,

Appellee

---

APPEALED FROM CAUSE NUMBER 67,764
IN THE 426TH DISTRICT COURT
OF BELL COUNTY, TEXAS

---

APPELLANT'S BRIEF

---

—Oral Argument Requested—


RECEIVED
NOV 0 9 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

Mr. Ronny Gene Smith (PRO SE)
TDCJ.# 1722493
Wayne Scott Unit · B-3-9B
6999 Retrieve Rd.,
Angleton, TX., 77515

1.

## TABLE OF CONTENTS

Table of Contents ............ 2

Identification of the parties ............ 3

Statement of Jurisdiction ............ 4

List of Authorities ............ 5

Summary of the argument ............ 6,7

Statement of the Case ............ 9

Appellant's Points of Error ............ 9

1. The trial judge erred in failing to grant Appellant's motion for denying independent Post-Conviction DNA Testing (filed 7/23/15)., and Pro Se Notice of Appeal (filed 8/14/15).

2. The trial Court's failure to allow defendant to conduct pretrial discovery and inspection of certain documents, certain examination and test reports, and the content and bases of expert testimony upon which the government intended to rely, prior to trial, as a Pro Se Defendant.

Conclusion

## IDENTIFICATION OF THE PARTIES & COUNSEL

Pursuant to Tex. R. App. 38(a)(1)(A), a complete list of the names of all interested parties are provided below:

Appellant                           Ronny Gene Smith

Appellant's Trial Attorneys         Michael White
                                    100 Kasberg Dr. Suite A
                                    Temple, Texas 76502

                                    Anthony Smith
                                    18 South Main Street
                                    Suite 814
                                    Temple, Texas 76501

Appellant's Counsel on Appeal - - - - - - - - E. Wayne Bachus
                                    381 N. Main Street
                                    Temple, Texas 76501

State's Trial Attorney              Shelly Strimple
                                    Stephanie Newell
                                    Assit. D.A of Bell, CO.,
                                    1201 Huey Road. Suite 2100
                                    Belton, Texas 76513

State's Attorney on Appeal          Bob D. Odom
                                    Asst. Dist., Attorney
                                    P.O. Box 540, Belton, Tx., 76513

Presiding Judge                     Hon. Fancy H. Jezek

3.

## STATEMENT OF JURISDICTION

The Court of Appeals has appellate jurisdiction in this case pursuant to Article 4.03 of the Texas Code of Criminal Procedure.

# LIST OF AUTHORITIES

## CASES

Argersinger V. Hamlin, 407 U.S. 25 (1972) _____ 7

Brady V. Maryland (1963) 373 U.S. 83 2d 215, 83 S.Ct. 1194 _____ 7,8,14

Cates V. State, 72 S.W. 3d 681, 691 (Tex. App. 2001) _____ 16

Duhamel V. State, 717 S.W. 2d 80, 83 (Tex. Cr. App. 1986) _____ 16

Heiselbetz V. State, 90 S.W. 2d 500 (Tex. Cr. App. 1995 _____ 16

Hernandaz V. State, 726 S.W. 2d 53, 55 (Tex. Crim. App. 1986) _____ 11

Janecka, 937 S.W. 2d at 468 _____ 16

Mallett V. State, 65 S.W. 3d 59, 62 (Tex. Crim. App. 2001) _____ 8

Strickland V. Washington, 466 U.S. 668, 685 (1984) _____ 7,16

United States V. Cronic, 466 U.S. 648, 659-660 (1984) _____ 16


## STATUTES

TEX. Penal Code 22.011 _____

Tex. Code Crim. Proc. art. 29.03 _____ 16

Tex. Code Crim. Proc. art. 29.08 _____ 16

U.S. Const. Amend. VI _____ 13,14

Texas Const. Art. I § 10 _____ 7,11,16

## SUMMARY OF THE ARGUMENT

The united states supreme court has made it clear-law that, with limited exceptions, a person accused of a federal or state crime has the right under the sixth Amendment to the united states constitution to have counsel appointed if retained counsel cannot be obtained. Argersinger V. Hamlin, 407 U.S. 25 (1972). And the sixth Amendment's right to counsel is not satisfied by the mere physical presence of an attorney with the defendant during critical phases of the criminal proceeding. Strickland V. Washington, 466 U.S. 668, 685 (1984). Rather, a person accused of a crime has the right to effective assistance of counsel.

Appellant's trial counsels did not provide to him the sort of effective assistance required by the sixth Amendment or it's Texas corollary, Texas const. Art. I § 10

There was a direct denial of effective assistance prior to trial, where counsel addressed the trial judge directly that he would not participate in his defense. Plain error, where court fail to meet it's obligations under the constitutional and fundamental laws of appellant's rights, plain error because defendant suffered prejudice at trial, under the sixth Amendment at a critical phase of the criminal proceeding., and suffered due process clause of the fifth and fourteenth Amendment to the united states constitution., Tex., Const. Art. I § 9-10.

7.

Furthermore, the failure of counsel at trial to file a motion, a timely motion for production of independent testing of Taylor and appellant's DNA was plain error, because it prejudiced appellant. Had the buccal swabs been independently tested, it could have been found that there was a mistake with the chain of custody which could have led to the Appellant's freedom.

It is plain error when the government fails to disclose it's constitutional duties, of [a]ll biological material that is in possession of the state... materiality is defined in terms of suppressed evidence considered collectively, not item by item. See, Brady V. Maryland (1963) 373 U.S. 83, 10 L Ed 2d 215, 83 S.Ct 1194.

Appellant's, Motion is based on Due process violations on all of the biological material evidence that was withheld by the state and that is in possession of the state that his trial counsels fail to produce to the defense and to the jury.

The denial of effective assistance of counsel, to not participate in his defense, and the untimely motion for discovery seeking the prosecution's disclosure of exculpatory evidence and mitigating evidence, the errors were so serious it deprived appellant of a fair trial, a trial the prosecution claim the results is reliable (citing Strickland, 466 U.S. at 687); Mallett V. State, 65 S.W. 3d 59, 62 (Tex. Crim. App. 2001)(explaining that a lawyer's deficient performance must undercut the "proper functioning of the adversarial process" such that the result of the trial cannot be reliable)."

8.

## STATEMENT OF THE CASE

This is an appeal from a trial in the 246 District Court, Bell County, Texas, the Honorable Fancy H. Jezek, presiding, Cause Number 67,764. The state instituted proceedings against the Appellant, RONNY GENE SMITH, for the felony offense of sexual assault. Texas Penal Code § 22.011. Smith was found guilty by the jury. Smith elected to have the jury assess punishment and was sentenced to 60 years in TDCJ. No fine was imposed.

On August 14TH, 2015, a Pro Se Notice of Appeal was filed on Smith's behalf. State's Reply to Defendant's Motion Denying subsequent Motion for Post-Conviction DNA Testing (filed 7/23/15). Pro Se Motion for Appointment of counsel (filed 4/28/15); No Reply.

## APPELLANT'S POINTS OF ERROR

Point of Error 1. The trial judge erred in failing to grant Appellant's Motion for denying independent Post-conviction DNA Testing (filed 7/23/15).

2. The trial court's failure to allow defendant to conduct pretrial discovery and inspection of certain documents, certain examination and test reports, and the content and bases of expert testimony upon which the government intended to rely prior to trial as a Pro Se Defendant

9.

## POINT OF ERROR ONE (RESTATED)

The trial judge erred in failing to grant Appellant's Motion for independent Post-Conviction DNA Testing.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S POINT OF ERROR ONE

A. standard of Review.

In the state's Reply., in state's Motion to Deny Defendant's (Pro se) subsequent Motion for Post-Conviction DNA Testing, that upon it's review that it advances no new grounds for DNA Testing. And the state submits that the primary purpose of the defendant's second Motion appears to be challenging the effectiveness of his trial Counsel, and the character of the evidence introduced at trial.

The state's reply is without standing; Appellant's proposed amended petition to his "Motion Requesting Forensic (DNA) Testing and Motion for Appointment of counsel is on it's face.

The pretrial proceedings that took place prior to the start of trial; "Affected" the trial as a Whole. The state has acknowledged and made known to the trial Court, and show recognition that the appellant's claim of ineffective assistance of counsel, and the direct denial of Counsel, to be real and true, because the prosecution's team and the presiding Judge .witnessed the performance of appellant's defense team, during his pretrial Motion - MAY 23, 2011. Appellant as the - Pro se Defendant in the case-at-hand has the burden of proving to this court, his claim of ineffective assistance of counsel within his "Motion requesting 'independent "DNA" testing, and the decisions in exercising of reasonable judgment. Id. at 690, 104 S.Ct. at 2066.

10

AS a PRO SE, Defendant, I must review my claim of ineffective assistance of counsel, because it produce an effect of not only personal concern, but matters of public interest within the court system. see Strickland V. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).. Id. at 694, 104 S.Ct. at 2068; Id. at 690, 104 S.Ct. at 2066.

The Strickland standard has been adopted by the Texas Court of Criminal Appeals in Hernandaz V. State, 726 S.W. 2d 53, 55 (Tex.Crim.App. 1986) for ineffective claims arising under the Texas Constitution.

The state court's has developed enough evidence through it's records in reviewing these allegations, and should have granted the Motion for a New DNA testing, or a new trial by jury.

Plain error, for the court not to analyze under strickland to determine whether counsels representation was so deficient that it violated a defendant's "constitutional right to effective assistance of counsel, before making it's decision to deny the Motion for DNA testing or the particular decision not to investigate appellant's allegations. see Strickland, 466 U.S. at 687.,

Because appellant has shown, and witness have seen (1) counsel's performance was deficient, and (2) the deficiency prejudiced the defense during trial.

These and other facts on unsolved issues on his DNA, within his trial- A defendant's failure to satisfy one prong negates the court's need to consider the other prong. The court's failure to review these issues-prior to trial was plain error. strickland, 466 U.S. at 697; William V. State, 301 S.W. 3d 675, 687 (Tex.Crim.App. 2009)

II

Furthermore, the motion for a New DNA test and his motion to appoint counsel was, Due to concerns about fundamenta fairness he did not recieve in his trial court. The court fail to examine whether counsel's ineffective assistance "deprive[d] the defendant of a substantive or procedural right to which the law entitles him. Prejudicial, because the significant of a direct denial of assistance of counsel caused defective performance significant to render defendant's trial fundamentally unfair, the denial was before a jury trial. The trial judge *ignored* or chose to refrain from noticing or recognizing, the violation of the sixth Amendment guarantee at pretrial.

If the sixth Amendment violation "pervade[s] the entire proceeding." harmless error analysis is inapplicable and the violation is enough to overturn a conviction regardless of the severity of the results. See Satterwhite V. Texas, 486 U.S. 249, 256 (1988).

Harmless error analysis is also inapplicable if appointed counsel violate a statutory right. See U.S. V. Iasiello, 166 F.3d 212, 214 (3d cir. 1999). (harmless error analysis inapplicable because denial of defendant's statutory right to the effective assistance of counsel, presumed prejudice to defendant).

## B. Argument:

The issue of the defendant's trial counsel's representations was relevant to the (Pro Se) defendant's motion requesting the discovery seeking the prosecution's disclosure of exculpatory evidence and mitigating evidence trial counsels fail to examine

12.

prior to trial. Appellant's DNA was offered prior to his arrest or charge on September 3, 2010; and had no idea why he was being detained are questioned.

On September 7, 2010, the court appointed, Scott H. Wilkerson as counsel. Counsel was informed that he had volunteeredly given a sample of his "DNA" to the Temple police prior to arrest and charge and was waiting for the results of forensic DNA testing. Appellant, never recieved those results of the DNA testing he volunteered. Appellant, was charged with robbery and indicted on December 1, 2010. The case-at-hand "Cause NO. 67,764" is the companion case, which the prosecution pursued, while the Original case (Cause NO. 67,302) was still pending.

There was no conformation made by defense counsel for the Original case, that the "DNA" had been tested or the results confirmed. The defense was impaired when prosecution pursued the companion case of conviction. This prevented trial preperations for the Original charge. Additionally, after the prosecution securred counsel for the defense of the superseding charge (cause NO. 67,764) Trial Counsel's failure to make timely motion of discovery and inspection, and the court's denial of motion for continuance, cause appellant the ability to prepare a defense. (R.R. Vol. 3, 19-21). The "pretrial motions" proceeding deprived defendant of right to effective assistance of counsel prior to trial an created presumption of prejudice, by denying discovery, and counsel assistance, with "direct evidence".

19.

## POINT OF ERROR NUMBER TWO

The trial Court's failure to allow "PRO SE" Defendant to conduct pretrial discovery and inspection of certain documents, certain examination and test reports, and the content and bases of expert testimony upon which the government intended to rely prior to trial.

## ARGUMENTS AND AUTHORITIES IN SUPPORT OF
## APPELLANTS POINT OF ERROR NUMBER TWO

Upon filing the subsequent motion for Post-conviction DNA Testing, the "PRO SE" defendant was not challenging the effectiveness of his trial counsel, but, was showing the court, that there were mitigating circumstances which lead appellant to file his PRO SE motions, to raise defense counsel's ineffectivness of assistance of counsel prior to trial and during trial is appropriate reasoning because in fact finding it proves improper performance of nondisclosure of known material evidence, record show it affirmed the denial of the discovery. Regardless of appellant's request through his motion, favorable evidence is material, and Constitutional error results from its suppression by the government. Brady v. Maryland (1963) 373 U.S. 83, 10 L.Ed 2d 215, 83 S.Ct. 1194.,

the United State Supreme Court has held that the prosecution has a due process obligation under Federal Constitution to disclose material evidence favorable to a criminal defendant, the disclosure was denied prior to trial, which was critical stage for the prosecution. The Appellant explained to the court that the documents provided to "counsel for the defense were DNA report summaries that did not disclose the chain of custody

14.

for the buccal swabs provided to the Waco lab for DNA testing, they did not disclose the chain of custody for the buccal swabs collected by the Temple Police Department, they did not show any reports for Monica Herring who is listed as the officer who delivers buccal swabs in question to the Waco lab for DNA testing, they did not show an explanation for the submission of buccal swabs for Johnny Ross (Taylor) in mid-November 2010 to the Waco DNA lab, although the collection of buccal swabs from both individuals were collected on September 1st 2010, and they did not provide an explanation for why the sample from (Taylor), a suspect at one point in this case was not tested (R.R. Vol. 3, 7-11). Finally, appellant informed the court that his investigation and preparation for trial was not complete and that he was not ready for trial (R.R. Vol. 3), 7-11 The court heard this motion prior to trial.

Appellant filed a second motion for continuance on the same day, May 19, 2011 (R.R. Vol. 3, 5). Due to the short amount of time Mr. Anthony Smith was able to spend on the case, approximately seven to eight hours, he informed the court that he did not have enough information, research and investigation to render effective assistance of counsel (R.R. Vol. 3, 6, 7, and 11). The trial court judge denied the motions for continuance, Mr. Anthony Smith moved to withdraw from the case because he believed he would not be able to render effective representat. Id. The trial court judge further denied Mr. Anthony Smith's request to withdraw (R.R. Vol. 3, 13).

15.

Tex. Code Crim. Proc. art. 29.03 provides that a criminal trial may be continued on the defendant's written motion upon demonstration of sufficient cause which must appear in the motion. See, Cates V. State, 72 S.W. 3d 681, 691 (Tex. App. -Tyler 2001). The written motion must be sworn to by a person with personal knowledge of the facts. Tex. Code Crim. Proc. art. 29.08. The denial of a motion for continuance is generally reviewed for an "abuse of discretion". Janecka V. State, 937 S.W. 2d 456, 468 (Tex. Cr. App 1996). Heiselbetz V. State, 90 S.W. 2d 500 (Tex. Cr. App. 1995); Cooks V. State, 844 S.W. 2d 697, 725 (Tex. Cr. App. 1992). It is the [PRO SE Defendant]'s burden to demonstrate prejudice from the denial of a Motion for Continuance. Janecka, 937 S.W. 2d at 468. See, Duhamel V. State, 717 S.W. 2d 80, 83 (Tex. Cr. App. 1986). However, the denial of an adequate opportunity to prepare for trial has constitutional ramifications under the sixth and Fourteenth Amendments to the United States Constitution. United States V. Cronic, 466 U.S. 648 (1984). The Court stated: "Circumstances... may be present... when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. Cronic, 466 U.S. at 659-660.

PRO SE Defendant file his motion for Post-Conviction DNA Testing in good faith and to prove his actual innocence through expert testimony, in his arguments before the trial judge prior to trial appellant demonstrated that his attorneys were not yet prepared for trial.

The failure to allow "PRO SE" defendant to conduct discovery and inspection of certain documents, examination of certain test reports deprived him of further discovery and present evidence relevant to his chain of custody issues with the DNA evidence, which was the central focus of the prosecution's case. Thus, the denial of appellant's motion for continuance did and there violate his sixth Amendment right to the effective assistance of counsel, and his Fourteenth Amendment right to Due Process of discovery which resulted in malicious prosecution, prejudice because the action instituted with intention of injuring the defense, and without probable cause, which resulted in an invalid trial, cause by fundamental error.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully request that this Honorable Court review the transcript of the trial in this case, and after such review, sustain point of error number one and reverse the denial of his motion and sustain point of error number two and reverse for oral review. In the alternative, Appellant respectfully request that the court remand to the trial Court for a New Trial by Jury. PRO SE - Defendant respectfully Prays; that his Motion for Post-Conviction DNA Testing be sustain for oral argument.

Respectfully submitted,

(PRO SE) Defendant

Ronny M Smith

Ronny Gene Smith #1722493

17.

COPY:
date mailed:
01/31/2015

RONNY GENE SMITH       CAUSE NO. 67,764      IN THE DISTRICT COURT

V.                                                                426 JUDICIAL DISTRICT

STATE OF TEXAS                                        BELL COUNTY, TEXAS

## MOTION FOR APPOINTMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1) Applicant Moves for an Order to appoint Counsel to represent him in this case. In support of this MOTION, Applicant states:

### I.

Applicant's imprisonment will greatly limit his ability to litigate. The issues involved in this case are very complex and will require significant research and investigation. Applicant has limited access to the Law Library and limited knowledge of the Law.

### II.

Applicant is unable to afford Counsel. He has requested leave to Proceed in forma pauperis.

### III.

A trial in this case will likely involve conflicting testimony and Counsel would better enable applicant to present evidence and cross examine witnesses.

WHEREFORE, Applicant request and ask the Court to GRANT his motion in appointing an Attorney in this case.

Respectfully Submitted,
Ronny Gene Smith # 1722493

COPY.

RONNY GENE SMITH      CAUSE NUMBER 67,764     IN THE DISTRICT COURT

§

V.                                   §               426 JUDICIAL DISTRICT

§

THE STATE OF TEXAS             §           BELL COUNTY, TEXAS

## AFFIDAVIT IN SUPPORT OF APPLICANT'S MOTION REQUESTING APPOINTMENT OF COUNSEL

I RONNY GENE SMITH am the Applicant in the above entitled case. In support of his Motion Requesting Appointment of counsel. I declare that the statements which I have made below are true and correct under penalty of perjury (28 U.S.C. § 1746).

### I.

On this particular case, applicant put in a MOTION requesting this District court to appoint counsel to assist him in the above and numbered cause. There are exceptional circumstance warranting the appointment of counsel. Applicant has no experience in case law, this includes cross examining witnesses and no investigation skills.

### II.

Applicant has no skill in the science of law, and unfamiliar with the rules of evidence, and left without the aide of counsel, if put on trial without having no skill on incompetent evidence, or evidence irrelevant to the issue of the above cause or other wise inadmissible, applicant lack both the skill and knowledge adequately to prepare his defense, he requires the guiding hand of counsel at every ~~hand and~~ step in the proceedings, this being a "DNA" case.

COPY.

## III.

OF all the rights that a person has, the right to be represented by counsel is by far the most pervasive, for it affects his ability to assert any other rights he may have, and keep in mind, applicant is going against an "Attorney at Law".

Thus, the core purpose of the counsel guarantee was to assure "Assistance" at trial, when the accused was confronted with both the intericacies of the law and the advocacy of the public prosecutor.

Their presence is essential because they are the means through which the other rights of the person on trial are secured. Without counsel the right to a trial itself would be "of little avail," as this court has recognized repeatedly.

WHEREFORE, Applicant request that this Honorable Court, GRANT his Motion -- for APPOINTMENT OF COUNSEL., SO, that applicant may stand equally before the law.

Respectfully submitted,

RONNY GENE SMITH # 1722493

APPLICANT

SMOTH RONNY GENE #1762493

Wayne Scott Unit - B-3-98

6999 Retrieve Road

ANGLETON, TEXAS 77515

LEGAL
Mail !

TO: Hon. JEFFREY D. KYLE, CLERK:

COURT OF APPEALS

THIRD DISTRICT OF TEXAS 78711-2547

P.O. BOX 12547, AUSTIN, TEXAS 78711-2547

78711@2547